The Honorable David W. Christel

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

| | |
|---|---|
| JUSTIN MORRIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PERFORMANCE SYSTEMS INTEGRATION, LLC and DOES 1-20, inclusive,<br><br>Defendants. | Case No.: 2:26-CV-01309-DWC<br><br>**AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** |



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Plaintiff JUSTIN MORRIS ("Plaintiff"), by and through the undersigned attorneys, individually and on behalf of all others similarly situated, alleges as follows:

## NATURE OF THE ACTION

1. This is a proposed class action brought under the Washington Industrial Welfare Act ("IWA"), the Washington Minimum Wage Act ("WMWA"), and the Seattle Municipal Code ("SMC") 14.16 and SMC 14.20.

2. Plaintiff seeks injunctive relief and damages for Defendants' failure to provide and pay for legally required meal and rest breaks; failure to pay all owed minimum wages due to failure to compensate employees for all hours worked; failure to pay all owed overtime wages; and failure to pay properly calculated sick leave.

3. This action was originally filed in King County Superior Court and removed to this Court by Defendants on April 15, 2026.

## JURISDICTION & VENUE

4. For the reasons pleaded in Defendants' Notice of Removal at Dkt. 1, this Court has jurisdiction under the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. §§ 1332(d).

5. Venue is proper in this District because Defendants reside in King County, Washington, Defendants transact business in King County, and Defendants employed at least some of the Class Members to work in the State of Washington and King County.

## THE PARTIES

6. Plaintiff is, and at all relevant times, was an individual domiciled in the State of Washington and a citizen of the State of Washington. Plaintiff worked for Defendants as a fire extinguisher technician and/or a similar job title/position from approximately April 2021 to October 2023.

7. Defendant, PERFORMANCE SYSTEMS INTEGRATION, LLC ("PSI" or "Defendants"), is a Delaware company doing business in the State of Washington. Defendants



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

own, operate, manage, and/or staff employees to work at various fire protection, life safety, and facility service locations in Washington State. Defendants operate a comprehensive fire and life safety business that includes the management, operation, and support of system inspections, 24/7 monitoring, cylinder repairs, and the installation of fire alarm and sprinkler systems. Defendants provide specialized safety compliance, testing, and maintenance services to commercial, industrial, and multi-family residential clients throughout Washington State and the Pacific Northwest. Through their business operations, Defendants maintain registered active locations and transact substantial business within King County, including facilities and offices in Seattle and Bothell, and by providing on-site safety services to numerous clients throughout the Greater Seattle Area. Defendants also operate locations and serve clients in cities in Washington outside of King County, including but not limited to Milton, Mukilteo, Spokane, and Pasco. Furthermore, Defendants operate as a leading regional provider with headquarters in Portland, Oregon, and additional operations in Idaho and Northern California.

8. Additional individuals, known to Defendant PSI but not yet identified by Plaintiff (and identified herein as Does 1-20) manage employees on behalf of PSI and are statutory employers under Washington law because of their managerial role with the company.

## CLASS ALLEGATIONS

9. Plaintiff brings this action on behalf of Plaintiff, and all others similarly situated as a proposed class action pursuant to Rule 23, Fed. R. Civ. P. The Classes that Plaintiff seeks to represent are defined as follows:

> **Class Members:** All current and former hourly-paid employees who worked for any one or more of the Defendants at any location in Washington State at any time from three years prior to the filing of the Complaint through the date of the Court's order certifying the Class ("Class Period").



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

> **Seattle Subclass Members:** All current and former hourly-paid employees who worked for any one or more of the Defendants at any location within the geographic boundaries of the City of Seattle at any time during the Class Period.

10. Plaintiff reserves the right to amend or modify the class description with greater specificity, by division into further subclasses, or by limitation to particular issues.

11. There are at least one hundred current and former hourly-paid employees of Defendants in the Class. Given Defendants' systematic failure to comply with Washington wage and hour laws and regulations regarding the payment of missed and/or interrupted rest periods and late, missed, and/or interrupted first meal periods, and the underpayment of wages, the members of the Class are so numerous that joinder of all members is impractical.

12. Plaintiff's claims are typical of the claims of the Class Members because (1) Plaintiff is a member of the putative class; (2) Plaintiff's claims stem from the same practice or course of conduct that form the basis of the Class claims; (3) All of the Class claims are based on the same facts and legal theories; (4) The injuries that Plaintiff suffered are similar to the injuries that other Class Members suffered and continue to suffer, and they are relatively small compared to the expenses and burden of individual prosecutions of this litigation.

13. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any Class Member. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

14. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to Plaintiff and Class Members are the following:

a. Whether Defendants violated WAC 296-126-092 by failing to



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

provide statutory meal periods and rest periods, and failing to compensate Plaintiff and Class Members for missed and/or otherwise noncompliant rest periods and late, missed, interrupted and/or otherwise noncompliant meal periods, as well as the lost opportunity to have the respite of a meal and/or rest period;

b. Whether Defendants have an official or unofficial policy, custom, pattern, and practice of understaffing its locations and permitting or requiring Plaintiff and Class Members to work through meal and/or rest periods, have interrupted meal and/or rest periods, or have untimely meal and/or rest periods;

c. Whether Defendants maintained an adequate system for scheduling Plaintiff's and Class Members' rest periods;

d. Whether Defendants maintained an adequate system for ensuring that Plaintiff and Class Members could take timely meal and/or rest periods;

e. Whether Defendants maintained an adequate system to record missed, late, interrupted and/or otherwise noncompliant meal and/or rest periods;

f. Whether Defendants have insufficient record-keeping on a systemic level;

g. Whether Defendants' violations of wage and hour laws were willful and are, therefore, liable for double damages under RCW 49.52.050 and 49.52.070;

h. Whether Defendants violated RCW 49.46.130 by failing to pay Plaintiff and Class Members for overtime wages due at the rate of 1.5 times their regular rate of pay for all hours worked over 40 hours



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

per week, inclusive of hours worked when working through their meal and/or rest breaks and/or for the meal and/or rest periods that were not provided or interrupted;

i. Whether Defendants violated RCW 49.46.210 by failing to furnish all owed paid sick leave at the correct rate of pay;

j. Whether Defendants failed to provide Seattle Subclass Members all owed paid sick and safe time at the correct pay rate, in violation of SMC 14.16;

k. Whether Defendants violated SMC 14.20 by failing to pay all compensation owed to Seattle Subclass Members on established regular pay days at no longer than monthly payment intervals;

l. Whether Defendants failed to pay Seattle Subclass Members all compensation owed for sick leave wages, in violation of SMC 14.20;

m. Plaintiff anticipates that Defendants' defenses will also raise common questions of law and fact; and

n. The nature and extent of class-wide damages and the measure of damages for the Class.

15. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort, or expense that numerous individuals would otherwise entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class Members are readily identifiable from Defendants' employee rosters and/or payroll records.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

16. Defendants' actions are generally applicable to each of the Class Members. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which in turn, would establish incompatible standards of conduct for Defendants.

17. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendants.

## FACTUAL BACKGROUND

18. During the Class Period, Plaintiff and each of the Class Members worked for Defendants in the State of Washington.

19. Defendants assigned Plaintiff to work in the field servicing the Tacoma and Seattle areas.

20. Throughout Plaintiff's employment, Plaintiff typically worked shifts lasting at least approximately eight (8) to ten (10)-plus hours long. At times, Plaintiff worked more than forty (40) hours in a workweek.

21. Defendants compensated Plaintiff with a base hourly rate for time counted by Defendants as hours worked. During Plaintiff's employment, Defendants compensated Plaintiff at base hourly rates ranging from approximately $20.00 to $28.00 per hour. At times, Defendants also compensated Plaintiff with shift differential pay, prevailing wage rates, multiple/varying base rates of pay, non-discretionary bonus/incentive pay and/or other non-discretionary compensation.

### Meal and Rest Period Violations

22. Washington law demands that employees be allowed a meal period of at least thirty minutes that starts no less than two hours nor more than five hours from the beginning of the shift and prohibits any employee from being required to work more than five consecutive hours without or between meal periods. Washington law also requires a 10-minute rest break every four hours.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

WAC 296-126-092(1)–(4).

23. Defendants routinely failed to provide compliant meal and rest periods for employees in Washington State. Hourly employees, including Plaintiff, often worked through required breaks, were forced to take them late, or were not given them at all.

24. For example, Plaintiff and Class Members were sometimes forced to take late meal periods, on-duty meal periods, take meal periods that were less than thirty (30) minutes and/or were required to work during meal breaks. For example, on most days, Plaintiff was forced to work through his entire shift without any meal break due to the need to complete assigned job duties. At other times, Plaintiff was required to take his meal period late, i.e. after working more than five (5) hours due to the need to complete assigned job duties. For example, Defendants' time records for Plaintiff including but not limited to the following dates show clock outs for meal periods after the fifth hour of work: April 5, 2023 (showing shift start time of 7:00AM, with a clock out for meal period at 12:30PM, i.e. five-and-one-half hours into Plaintiff's shift); May 15, 2023 (showing shift start time of 7:34 AM with a clock out for meal period at 1:30 PM, i.e. five hours and 56 minutes after Plaintiff's shift start time).

25. When Plaintiff worked three or more hours beyond Plaintiff's normal workday, Plaintiff did not receive a second meal period.

26. Also, when Plaintiff worked shifts lasting more than ten (10) hours, Plaintiff was not allowed to take a second, thirty-minute meal period.

27. For example, Defendants' time records for Plaintiff show Plaintiff worked more than five (5) consecutive hours after returning from a purported first meal period without receiving a second, thirty-minute, uninterrupted, off-duty meal period including but not limited to the following dates: June 30, 2023 (showing a shift start time of 7:00 AM and shift end time of 7:00 PM (twelve hours) with a clock out for only a single, thirty-minute meal period from 12:00PM to 12:30PM); July 3, 2023 (showing a shift start time of 7:30 AM and shift end time of 6:30 PM (eleven hours) with a clock out for only a single, thirty-minute meal period from 12:00PM to



CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

12:30PM); and August 8, 2023 (showing a shift start time of 7:00 AM and shift end time of 5:30 PM with a clock out for only a single, thirty-minute meal period from 10:30AM to 11:00AM).

28. Defendants did not compensate Plaintiff and Class Members with an additional thirty minutes of work time for instances in which they were not provided required, timely 30-minute uninterrupted meal periods.

29. Plaintiff and other Class Members were also at times denied required rest periods because they were required to work through part or all of their rest periods, take late rest periods or take rest periods that were shorter than ten minutes long. For example, Plaintiff's rest breaks were frequently late, less than ten minutes long and/or worked through completely due to the need to complete assigned job duties. To the extent rest breaks were provided, they were not provided in any structured/timely manner. Also, Defendants did not provide second rest breaks before the eighth hour of work nor third rest breaks prior to the twelfth hour of work.

30. Defendants failed to compensate Plaintiff for each missed or otherwise legally noncompliant rest period.

31. Defendants had no policy or practice to accurately schedule meal or rest periods, to allow Plaintiff and Class Members to record their missed or otherwise noncompliant meal and rest periods, or to compensate for missed rest and meal breaks.

32. Defendants' violations were willful and not a result of inadvertence or carelessness.

33. There was no bona fide dispute regarding the payment of wages.

**Failure to Pay Minimum and Overtime Wages**

34. <u>Failure to Compensate Off-the-Clock Work</u>: Defendants required Plaintiff and other Class Members to complete work tasks prior to clocking in for the start of shifts, after clocking out for the end of shifts and/or otherwise outside of scheduled shift times, resulting in Defendants' failure to compensate them for all hours worked and the underpayment of wages owed.

35. For example, there were instances in which Plaintiff was required to work at least



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

approximately two (2) to three (3) hours off the clock after Plaintiff's shifts had ended, resulting in Defendants' failure to compensate Plaintiff for all hours worked and the underpayment of wages owed.

36. Also, Defendants required Plaintiff and other Class Members to complete work tasks during meal periods which were not recorded resulting in Defendants' failure to compensate them for all hours worked.

37. Based on information and belief, Defendants deducted at least thirty minutes of time from Class Members' workdays for meal periods that were interrupted, on duty, less than thirty minutes and/or worked through completely, resulting in Defendants' failure to compensate Plaintiff for all hours worked and the underpayment of wages owed.

38. Based on information and belief, Defendants failed to pay Plaintiff and other Class Members all owed wages at the applicable prevailing wage rate, resulting in the deprivation of wages owed.

39. For example, Plaintiff worked a number of prevailing wage jobs for which Defendants failed to pay Plaintiff at the applicable prevailing wage rate, resulting in the deprivation of wages owed.

40. <u>Rounding Practices</u>: Defendants engaged in unauthorized time editing and rounding. To this end, Defendants' payroll records for Plaintiff show Defendants rounded Plaintiff's total hours worked to at least the nearest quarter of an hour (fifteen minutes). For example, Defendants' time records for Plaintiff show hours worked recorded in tenth-of-hour increments (e.g., 8.0 hours, 10.0 hours, 11.0 hours).

41. For example, Defendants' time records for Plaintiff show total hours worked rounded to at least the nearest quarter hour, which resulted in Defendants' failure to compensate Plaintiff for all hours worked and the underpayment of wages owed. For example, on October 19, 2023, Plaintiff clocked in for the start of shift at 7:52 AM and clocked out for the shift end at 4:30 PM (with a clock out for a purported thirty-minute meal break from 12:00 PM to 12:30 PM),



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

however, Defendants compensated for only 8.0 total hours, resulting in Defendants' failure to compensate Plaintiff for at least eight (8) minutes of work time on that day. On October 18, 2023, Plaintiff clocked in for the start of shift at 7:53 AM and clocked out for the shift end at 4:30 PM (with multiple segments throughout the day including a purported thirty-minute meal break), however, Defendants compensated for only 8.0 total hours, resulting in Defendants' failure to compensate Plaintiff for at least seven (7) minutes of work time on that day. On September 5, 2023, Plaintiff clocked in for the start of shift at 7:52 AM and clocked out for the shift end at 4:30 PM (with a clock out for a purported thirty-minute meal break from 12:00 PM to 12:30 PM), however, Defendants compensated for only 8.0 total hours, resulting in Defendants' failure to compensate Plaintiff for at least eight (8) minutes of work time on that day.

42. Based on information and belief, at times, Defendants rounded Plaintiff's meal periods to precisely thirty minutes, resulting in unpaid work time and denied wages.

43. Based on information and belief, Defendants failed to compensate for all time spent "on call" resulting in the deprivation of wages owed to Class Members.

44. Defendants' rounding system operates in conjunction with policies and practices that systematically deprive Class Members of compensation.

45. Additionally, because of off-the-clock work, Defendants' rounding policies and practices and the improper timekeeping as to the beginning and end of meal periods, Plaintiff and other Class Members at times worked more than forty hours per week for which they were not paid overtime compensation.

**Failure to Pay All Sick Leave**

46. Defendants failed to properly accrue all owed sick leave by failing to incorporate all non-discretionary compensation when calculating the owed sick leave pay, thereby miscalculating and underpaying all owed sick leave pay. For example, Defendants' wage statements for Plaintiff, including but not limited to the pay periods beginning May 22, 2023, and July 3, 2023 show that Defendants failed to incorporate all non-discretionary compensation into



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

the base rate of pay when calculating the owed sick time pay, resulting in the miscalculation and underpayment of sick time wages.

47. Defendants further failed to provide Plaintiff with notice of rights under state law, including but not limited to notice regarding the amount of paid sick leave available and the proper rate of accrual.

48. Defendants' failure to provide proper sick leave accrual and payment to Plaintiff and other Seattle Subclass Members who performed work within the geographic boundaries of Seattle violated both Seattle Municipal Code 14.16, which requires employers to provide paid sick and safe time at enhanced accrual rates and proper compensation rates, and Seattle Municipal Code 14.20, which requires employers to pay all compensation owed to employees. Defendants' failure to pay Plaintiff and other Seattle Subclass Members all compensation owed for sick leave, including by miscalculating sick leave pay through the failure to incorporate all non-discretionary compensation into the rate used to calculate sick leave wages, resulted in violations of Seattle's Wage Theft Ordinance codified at SMC 14.20, et seq. Defendants deprived Seattle Subclass Members of earned wages by underpaying sick leave compensation owed, thereby violating both sick and safe time requirements under SMC 14.16 and the requirement that employers pay all compensation due to employees under SMC 14.20.

49. At times, Defendants failed to maintain adequate records of the hours worked and the missed, late and/or interrupted meal periods and rest periods for Plaintiff and other Class Members as required by RCW 49.46.070.

**FIRST CAUSE OF ACTION**
**Failure to Compensate for Noncompliant Meal and Rest Periods**
**RCW 49.12; WAC 296-126-092**
**On Behalf of Plaintiff and Class Members**

50. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

51. Under *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 847–51, 50 P.3d 256,



CROSNER LEGAL, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

259–61 (2002), RCW 49.12 creates an implied cause of action for unpaid wages, including wages owed under duly promulgated regulations.

52. WAC 296-126-092(1) requires that employees receive a 30-minute meal period commencing no sooner than the second hour and no later than the fifth hour of the shift, and that no employee may work more than five consecutive hours without a meal period. Meal periods must be on the employer's time if the employee is required to remain on duty or on the premises.

53. WAC 296-126-092(4) requires that employees receive a 10-minute paid rest break for each four hours of work, scheduled as near as possible to the midpoint of the work period, and prohibits requiring employees to work more than three consecutive hours without a rest break.

54. "On the employer's time" means rest breaks are compensable. *Wingert*, 146 Wn.2d at 847–51, 50 P.3d at 259–61. Washington courts have further held that employers must pay for missed meal periods, *Pellino v. Brink's Inc.*, 164 Wn. App. 668, 690–93, 267 P.3d 383 (2011), and for missed rest breaks, *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn.2d 507, 523–24, 415 P.3d 224, 230–31 (2018).

55. Most recently, the Washington Court of Appeals confirmed that the Industrial Welfare Act grants employees not only the right to a 30-minute meal break but also a distinct remedy for its deprivation: "30 minutes of wages is an appropriate measure of damages for such a deprivation." *Androckitis v. Virginia Mason Med. Ctr.*, 32 Wash. App. 2d 418, 430, 556 P.3d 714, 723 (2024), review denied, 4 Wash. 3d 1007, 563 P.3d 448 (2025). Similarly, employees are entitled to unpaid straight or overtime pay—as appropriate depending on the total number of hours—when they do not receive paid rest breaks. *Wash. State Nurses Ass'n v. Sacred Heart Med. Ctr.*, 175 Wn.2d 822, 832, 287 P.3d 516, 521 (2012). Defendants failed to provide Plaintiff and Class Members with rest periods at required times and 30-minute uninterrupted meal breaks no later than the fifth hour of their shifts.

56. Defendants failed to compensate Plaintiff for these missed or otherwise legally noncompliant meal and rest periods.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

57. Defendants maintained no policy or practice to ensure actual 30-minute breaks were taken for meals. Based on information and belief, at times, Defendants engaged in unauthorized time editing / time shaving and/or deducted at least thirty (30) minutes per shift for meal periods that were less than a full thirty minutes and/or otherwise noncompliant.

58. As a direct and proximate result of Defendants' violations and its willful intent to deprive Plaintiff and Class Members of all owed wages for all missed or otherwise noncompliant meal period and rest periods, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

**<u>SECOND CAUSE OF ACTION</u>**
**Failure to Pay Minimum Wages**
**RCW 49.46 et seq.**
**On Behalf of Plaintiff and Class Members**

59. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

60. Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act ("WMWA"), RCW 49.46 et seq. If an employer fails to do so, the statute requires payment of the full amount of wages owed at the minimum wage rate, less any amounts already paid.

61. Defendants failed to pay Plaintiff and Class Members for all hours worked.

62. Defendants engaged in a common course of failing to provide Plaintiff and Class Members with ten minutes of additional pay for each missed or otherwise noncompliant rest break and with thirty minutes of additional pay for each missed/otherwise noncompliant meal break.

63. Additionally, Defendants required Plaintiff and Class Members to complete off-the-clock work tasks, resulting in Defendants' failure to compensate Plaintiff and Class Members for all work time.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

64. Defendants also deprived Plaintiff and other Class Members of earned wages by failing to pay and/or properly accrue all owed sick leave/paid time off wages, resulting in the deprivation of wages owed in violation of the WMWA.

65. Based on information and belief, at times, Defendants engaged in unauthorized time editing and rounding of Class Members' total hours worked, resulting in Defendants' failure to compensate Class Members for all hours worked and the underpayment of wages owed.

66. As a result of Defendants' unlawful acts, Plaintiff and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46.090, are entitled to recover such amounts, including exemplary damages, interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
**Failure to Pay Overtime Wages**
**On Behalf of Plaintiff and Class Members**

67. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

68. The WMWA at RCW 49.46.130 states in pertinent part, "that no employer shall employ any of his or her employees for a work week longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate of not less than one and one-half times the regular rate at which he or she is employed."

69. The WMWA entitles employees to "compensation for regular hours worked and for any overtime hours worked." *Stevens v. Brink's Home Sec., Inc.,* 162 Wn.2d 42, 47, 169 P.3d 473, 475 (2007). "Hours worked" is defined as "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." *Id.* (citing WAC 296-126-002(8)).

70. As set forth above, during workweeks in which Plaintiff and Class Members worked more than forty hours, inclusive of both hours worked when working through or during their breaks or for meal and rest periods that were not provided and any additional labor time owed



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

for missed breaks, Defendants violated WMWA by failing to pay Plaintiff and the Class Members at the overtime rate of 1.5 times their regular rate of pay for all hours worked in excess of 40 in such workweeks. *Wash. State Nurses Ass'n*, 175 Wn.2d at 832.

71. Based on information and belief, at times, Defendants also failed to incorporate all non-discretionary compensation into the regular rate of pay for purposes of calculating the owed overtime rates of pay, resulting in the miscalculation of the owed overtime rates and the underpayment of overtime wages owed.

72. As a direct and proximate result of Defendants' violations and their willful intent to deprive Plaintiff and Class Members of overtime wages owed, Defendants deprived Plaintiff and the Class Members of compensation in the amounts to be determined at trial, exemplary damages, interest, attorneys' fees, and costs.

## <u>FOURTH CAUSE OF ACTION</u>
**Violation of RCW 49.46.210**
**On Behalf of Plaintiff and Class Members**

73. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.

74. Defendants' failure to provide all owed paid sick leave to Plaintiff and other Class Members constitutes a violation of RCW 49.46.210.

75. As a result of Defendants' unlawful acts, Plaintiff and the Class Members have been deprived of compensation in amounts to be determined at trial, and pursuant to RCW 49.46.090, are entitled to recover such amounts, including interest thereon, attorneys' fees, and costs.

## <u>FIFTH CAUSE OF ACTION</u>
**Violation of Seattle Paid Sick and Safe Time Ordinance**
**SMC 14.16**
**On Behalf of Plaintiff and Seattle Subclass Members**

76. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

77. SMC 14.16 requires employers to provide paid sick and safe time to employees who perform work within the geographic boundaries of Seattle.

78. Under SMC 14.16, covered employees must accrue paid sick and safe time at specified rates and must be compensated for such time at their regular rate of pay or the applicable minimum wage, whichever is greater.

79. Defendants violated SMC 14.16 by failing to provide proper paid sick and safe time accrual and by failing to compensate Plaintiff and Seattle Subclass Members for sick leave at the proper rate incorporating all non-discretionary compensation.

80. As a result of Defendants' unlawful acts, Plaintiff and Seattle Subclass Members have been deprived of compensation in amounts to be determined at trial, and pursuant to SMC 14.16.110, are entitled to recover such amounts, including liquidated damages, civil penalties, interest, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION
**Violation of Seattle Wage Theft Ordinance**
**SMC 14.20**
**On Behalf of Plaintiff and Seattle Subclass Members**

81. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

82. Plaintiff performed work within the geographic boundaries of Seattle, Washington at Defendants' facility located at 1801 16th Avenue Southwest, Seattle, WA 98134.

83. Seattle Municipal Code Chapter 14.20, the Wage Theft Ordinance, requires employers to pay all compensation owed to employees performing work in Seattle by an established regular pay day at no longer than monthly payment intervals. SMC 14.20.020. Compensation includes minimum wages, overtime, rest breaks, and paid sick and safe time.

84. Defendants violated SMC 14.20, including but not limited to, SMC 14.20.020 by failing to compensate Plaintiff for missed or noncompliant rest periods when Plaintiff was denied required rest periods, was required to work through rest periods, or took rest periods that were



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

shorter than ten minutes or improperly timed, including when Plaintiff worked more than three hours without a rest period.

85. Defendants violated SMC 14.20, including but not limited to, SMC 14.20.020 by failing to pay proper sick leave/paid time off wages, paying Plaintiff's paid time off at Plaintiff's base rate even when Plaintiff earned non-discretionary compensation during the same pay period, resulting in the deprivation of wages owed to Seattle Subclass Members.

86. Defendants violated SMC 14.20, including but not limited to, SMC 14.20.020 by failing to compensate Plaintiff and other Seattle Subclass Members for all hours worked when Defendants automatically deducted exactly thirty minutes from their recorded hours for meal periods regardless of whether they actually received a full and uninterrupted thirty-minute meal period, resulting in the deprivation of wages owed to Seattle Subclass Members.

87. Defendants violated SMC 14.20, including but not limited to, SMC 14.20.020 by engaging in unauthorized time rounding of Plaintiff and other Seattle Subclass Members' total hours worked to at least the nearest quarter hour, resulting in failure to compensate them for all hours worked.

88. Defendants violated SMC 14.20, including but not limited to, SMC 14.20.040 by failing to provide Seattle Subclass Members with adequate written notice of their rights under state and local law.

89. Defendants violated SMC 14.20, including but not limited to, SMC 14.20.030 by failing to maintain adequate records of hours worked and missed, late, or interrupted meal periods and rest periods as required by law.

90. As a result of Defendants' violations of Seattle Municipal Code Chapter 14.20, Plaintiff and Seattle Subclass Members are entitled to full payment of unpaid compensation plus interest at twelve percent per annum, liquidated damages up to twice the unpaid compensation, reasonable attorneys' fees and costs, and such other relief as the Court deems appropriate pursuant to SMC 14.20.090.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

## PRAYER FOR RELIEF

Wherefore Plaintiff, on behalf of Plaintiff and Class Members, prays for judgment against Defendants as follows:

A. An Order that this action may proceed and be maintained as a class action, and certifying the Class as defined above for the Class periods defined above;

B. An award of damages to Plaintiff and Class Members in the amount of their missed and unpaid meal period and rest period wages, and for unpaid overtime wages for hours worked over 40 hours in a week;

C. Exemplary damages in amounts equal to double the wages due to Plaintiff and Members of the Class pursuant to RCW 49.52.070 for any time during the Class Period;

D. For Seattle Subclass Members, an award of damages to Plaintiff and Seattle Subclass Members for all unpaid compensation owed plus interest at twelve percent per annum and liquidated damages up to twice the unpaid compensation pursuant to SMC 14.20.090;

E. An injunction declaring Defendants violated RCW 49.46.210, and RCW 49.52.050 by failing to accrue and provide all owed paid sick leave and requiring Defendants to adopt a paid sick leave policy that complies with state law;

F. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendants from engaging in the conduct complained of herein;

G. Attorneys' fees and costs, as allowed by law, including RCW 49.46.090(1), 49.48.030, 49.52.070, and SMC 14.16.110 and 14.20.090;

H. Pre- and post-judgment interest; and

I. All other relief this Court deems proper.



**CROSNER LEGAL, P.C.**
92 Lenora Street, #179
Seattle, WA 98121
Tel. (866) 276-7637
Fac. (310) 510-6429

Dated: May 14, 2026

**CROSNER LEGAL, PC**

By: /s/ Ryan Tack-Hooper

Ryan Tack-Hooper (WSBA No. 56423)
Crosner Legal, P.C.
92 Lenora Street, #179
Seattle, WA 98121
Telephone: (866) 276-7637
Facsimile: (310) 510-6429
ryan@crosnerlegal.com
Attorneys for Plaintiff,
JUSTIN MORRIS